IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SALINAS A. WEAVER,

                Plaintiff,

v.

AHA, ATLANTA HOUSING AUTHORITY, and CITY OF ATLANTA,

                Defendants.

1:15-cv-2816-WSD

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Salinas A. Weaver's ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

On August 10, 2015, Plaintiff, *pro se*, filed his Application for Leave to Proceed *In Forma Pauperis* [1] ("Application"). On August 12, 2015, Magistrate Judge Janet F. King granted [2] Plaintiff's Application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint [3], styled as a "Claim for Damages," is largely incoherent. Plaintiff appears to allege that the Atlanta Housing Authority discriminated against Plaintiff on the basis of his race, national origin, disability status, familial status, and sex. (Compl. at 2).

Plaintiff alleges that he submitted a pre-application "for a chance to be on the Atlanta Housing Authority's Housing Choice Voucher Program (HCVP) Waiting List." (Id. at 1). He claims the "AHA selected 10,000 pre-applications for the final waiting list using a computerized, random selection process[,] but "[u]nfortunately, [his] pre-application was not selected, and that pre-application not on the waiting list." (Id. at 1-2). Plaintiff alleges that the "random selection process is HOUSING DISCRIMINATION and UNLAWFUL HOUSING PROCESSING under the UNITED STATES, FEDERAL LAW." (Id. at 2 (emphasis in original)). Plaintiff seeks "$250,0000.00 [sic] USD" in damages. (Id.).[1]

---

[1]   Plaintiff attached to his Complaint documents showing that he applied for and was denied a spot on the Atlanta Housing Authority's waiting list and documents from the Social Security Administration establishing that he is disabled.

2

**II.   DISCUSSION**

  A.   Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  See

Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

     Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.     Analysis

Plaintiff's Complaint is devoid of any factual allegations aside from his allegations that he submitted a pre-application to the Atlanta Housing Authority, and that his was not one of the 10,000 pre-applications selected by the "computerized, random selection process." (Compl. at 1). Plaintiff's bare assertion that he was the victim of housing discrimination or that the Atlanta Housing Authority's random selection process is discriminatory fails to state a cognizable claim. Although, for the purposes of a motion to dismiss, the Court must take all of the factual allegations in the Complaint as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Accordingly, Plaintiff's Complaint fails to state a claim for relief, and is required to be dismissed.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Salinas A. Weaver's Complaint [3] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** this 24th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE